IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW
JERSEY CAMDEN VICINAGE

| | |
|---|---|
| MIA ZIGARELLI,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Civil No. 18-12690 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**BUMB**, United States District Judge:

This matter comes before the Court upon an appeal by Plaintiff Mia Zigarelli from a denial of social security disability benefits.

For the reasons set forth below, the Court vacates the decision of the Administrative Law Judge ("ALJ") and remands for proceedings consistent with this Memorandum Opinion and Order's reasoning.

**I.    STANDARD OF REVIEW**

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g),

1

1383(c)(3). "Substantial evidence" means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy,

2

regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). In Plummer, 186 F.3d at 428, the Third Circuit described the Commissioner's inquiry at each step of this analysis:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).
>
> In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that [his] impairments are "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.
>
> Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume her former occupation, the evaluation moves to the final step.
>
> At this [fifth] stage, the burden of production shifts to

the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523. The ALJ will often seek the assistance of a vocational expert at this fifth step. See Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984).

## II. **FACTS**

The Court recites only the facts that are necessary to its determination on appeal, which is narrow.

Plaintiff, who was in her mid-forties at the alleged onset date, claims disability, in part, based on a well-documented history of problems in her right and left shoulders. She has calcific tendonitis which required surgery on her right shoulder in 2013, and surgery on her left shoulder in 2014. [A.R. 45, 475-86, 493-548] Plaintiff's 2015 (i.e., post-surgery) medical records document continued pain in her shoulders, "limited range of motion" in her left shoulder, and "weakness" in both shoulders. [A.R. 512, 517] In July, 2015, an orthopedic specialist recommended that Plaintiff undergo another surgery on the left shoulder [A.R. 556], although it appears Plaintiff elected not to have another surgery. Plaintiff testified that she experiences pain at a level 8 out of 10 in both shoulders. [A.R. 50]

4

Plaintiff's treating physician, Dr. Ranawat, the same orthopedic surgeon who recommended an additional surgery, completed a medical source statement which states that Plaintiff can only lift and carry a maximum of 5 pounds and is unable to push or pull large objects with two arms. [A.R. 550]

The New Jersey State agency doctors who reviewed Plaintiff's medical records concluded that Plaintiff can occasionally "lift and/or carry (including upward pulling)" 20 pounds and can frequently do the same with objects weighing 10 pounds. [A.R. 95, 107]

### III. **ALJ'S DETERMINATION**

The ALJ found Plaintiff not disabled. He determined that she had the residual functional capacity to perform

> light work . . . except that she can only occasionally reach overhead with her bilateral upper extremities. She can occasionally handle and finger with her bilateral hands. The claimant can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. She can frequently balance, but only occasionally stoop, kneel, crouch or crawl.

[A.R. 22] Notably, the RFC contains no specific limitation as to lifting, carrying, or pulling.

The ALJ gave more relative weight to the state consulting physicians' opinions concerning Plaintiff's functional capacity and less relative weight to the treating physician's medical source statement. With regard to Plaintiff's shoulder problems, the ALJ's written decision states the following as to the

treating physician's opinion:

> [o]n September 28, 2015, treating orthopedic physician Anil Ranawat, M.D. provided a medical source statement despite only performing on examination of the claimant on July 31, 2015. . . . The undersigned affords this medical opinion partial weight. Dr. Ranawat overstates the claimant's limitations for lifting [and] carrying . . . . [T]he limitation for pushing and pulling with the upper left extremity is vague and currently inconsistent with the evidence of record. . . . [T]he claimant's left upper extremity continued to demonstrate functional limitations but Dr. Ranawat noted in his own contemporaneous treatment note prior to his opinion that the right shoulder surgery was successful. There were limited signs and normal range of motion in the right shoulder impairment, which showed stability after she recovered from her right shoulder surgery. Her upper left extremity demonstrated greater complications in her rehabilitation, but the most recent evidence shows only mild examination signs. Dr. Ranawat's opinion regarding her ability to lift, carry . . . push, and pull is internally inconsistent with his own July 31, 2015 treatment note, in addition to the totality of evidence.

[A.R. 28]

**IV. <u>ANALYSIS</u>**

Among other arguments, Plaintiff asserts that the ALJ erred in affording more relative weight to the state agency medical consultants and less relative weight to Plaintiff's treating physician.

"An ALJ should give 'treating physicians' reports great weight.'" <u>Brownawell v. Comm'r of Soc. Sec.</u>, 554 F.3d 352, 355 (3d Cir. 2008) (quoting <u>Morales v. Apfel</u>, 225 F.3d 310, 317 (3d Cir. 2000)). If an ALJ gives less weight to a treating

physician's report, he must provide "'supporting explanations.'" Id. (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). In this case, the ALJ provided an explanation, but that explanation is insufficient in three respects.

First, it would appear that the ALJ gave less weight to the treating physician's report, in part, because the treating physician had only examined Plaintiff once at the time the treating physician authored the report.[1] While an ALJ may properly give *more* weight to an opinion "'based on a continuing observation of the patient's condition over a prolonged period of time,'" Plummer, 186 F.3d at 429[2], it does not necessarily follow that an ALJ may properly afford *less* weight to an opinion based on a single observation. Indeed, an ALJ decidedly may not afford less *relative* weight to an opinion based on a single examination, where, as here, the opinions afforded greater weight are given by consulting physicians who did not examine the claimant at all. See Brownawell, 554 F.3d at 357 ("This Court has 'consistently held that it is improper for an ALJ to

---

[1] The record demonstrates that Plaintiff continued to be treated by Dr. Ranawat after the first "new patient visit." [A.R. 564-586]

[2] Quoting Rocco v. Heckler, 826 F.2d 1348, 1350 (3d Cir. 1987) and citing 20 C.F.R. § 404.1527(d)(2) (providing for controlling weight where treating physician opinion is well-supported by medical evidence and not inconsistent with other substantial evidence in the record).

7

credit the testimony of a consulting physician who has not examined the claimant when such testimony conflicts with testimony of the claimant's treating physician.'") (quoting Dorf v. Bowen, 794 F.2d 896, 901 (3d Cir. 1986)). Thus, the ALJ appears to have improperly discounted Dr. Ranawat's opinion in this regard.

Second, the ALJ gave less weight to Dr. Ranawat's opinion, in part, because the ALJ found that "the limitation for pushing and pulling with the upper left extremity is vague and currently inconsistent with the evidence of record." [A.R. 28] The ALJ, however, does not explain in what way he found the limitation to be vague, nor does he cite to specific contradictory evidence in the record.[3] Thus, the Court cannot determine whether the ALJ properly discounted Dr. Ranawat's opinion in this regard.

Third, the ALJ gave less weight to Dr. Ranawat's opinion, in part, because the ALJ found that "Dr. Ranawat's opinion regarding [Plaintiff's] ability to lift, carry . . . push, and

---

[3] It is not clearly apparent to the Court how the reported inability to push/pull large objects with two arms is vague. Perhaps the ALJ found it vague insofar as it leaves unanswered the question of whether Plaintiff is able to push/pull with one arm-- presumably her right arm, which is her "better" shoulder as well as her dominant hand [A.R. 46]-- and in that regard the ALJ also may have found Dr. Ranawat's opinion inconsistent with the record evidence that Plaintiff's right shoulder is much less limited than her right. However, it is not for this Court to speculate as to the ALJ's thought processes, and so the Court will not. The ALJ must make his reasoning explicit.

8

pull is internally inconsistent with his own July 31, 2015 treatment note." [A.R. 28]  The opinion however, fails to explain how the opinion and treatment note are inconsistent with each other.[4]  Thus, the Court cannot determine whether the ALJ properly discounted Dr. Ranawat's opinion in this regard.

"The Third Circuit has held that access to the Commissioner's reasoning is [] essential to a meaningful court review." Sanford v. Comm'r of Soc. Sec., No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014)(citing Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)); see also Stockett v. Comm'r of Soc. Sec., 216 F. Supp. 3d 440, 456 (D.N.J. 2016)("The Third Circuit 'requires the ALJ to set forth the reasons for his decision.'")(quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 123 (3d Cir. 2000))(Bumb, D.J.).  The

---

[4] Perhaps the ALJ found the two-arm push/pull limitation inconsistent with the treatment note that "[patient] has near full range of motion of the right shoulder." [A.R. 555]  If that was the ALJ's reasoning however, he was required to say so.  Moreover, the two-arm push/pull limitation is not necessarily inconsistent with a near full range of motion in one arm.  The two-arm limitation applied only to "large objects." [A.R. 550]  It would seem possible that a patient may be able to push or pull smaller objects with one arm, while simultaneously being unable to push or pull larger, bulkier objects which require two arms to control.  The Court notes that such an interpretation of Dr. Ranawat's opinion would be consistent with his 5-pound "lift and carry" limitation; a patient may be able to carry lighter objects with one arm, but unable to carry heavier objects for which two arms would be required.  Thus, Dr. Ranawat's opinion and treatment note are capable of reconciliation, and not inherently inconsistent.

Court cannot determine on the present record whether the ALJ's decision was supported by substantial evidence because it presently lacks the requisite access to the ALJ's reasoning. It may well be the case that the ALJ will arrive at the same decision. At this juncture, however, the ALJ must provide additional explanation for the decision. As such, the Court **vacates** the decision of the ALJ and **remands** for proceedings consistent with the above analysis.

**ACCORDINGLY**, it is on this 30th day of July, 2019,

**ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

**ORDERED** that the Clerk of Court shall close this case.

___s/ Renée Marie Bumb___
RENÉE MARIE BUMB, U.S.D.J.
